IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA ROSA MOROCHO PILATAXI,

      Petitioner,

v.                                                      No. 2:26-cv-02237-KG-DLM

MARKWAYNE MULLIN, et al.,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Maria Rosa Morocho Pilataxi's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants her petition for the reasons below.

## I.    *Background*

Petitioner, a native and citizen of Ecuador, entered the United States without inspection or parole in 2022. Doc. 1 at 10. The Department of Homeland Security ("DHS") served her with a Notice to Appear ("NTA") in 2024, when she applied for asylum. *Id.*

On June 12, 2026, Petitioner was arrested by immigration authorities and transferred to the Otero County Processing Center in Chaparral, New Mexico, where she remains. *Id.* She applied for bond, but her application was denied on jurisdictional grounds. *Id.*

Petitioner argues that her continued detention without a bond hearing violates her right to due process under the Fifth Amendment, and the Immigration and Nationality Act ("INA"). *See* Doc. 1 at 12, 22. She requests immediate release. *Id.* at 23.

Although the Government opposes the petition, it concedes that Petitioner is entitled to a bond hearing under the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, ___ F.4th____, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026).  Doc. 7 at 2–3.

## II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Santillan Quiroz*, 2026 WL 1876709, at *7.  First, 8 U.S.C. § 1225 governs noncitizens who are "seeking admission into the country."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States."  *Santillan Quiroz*, 2026 WL 1876709, at *6.  "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border."  *Id.* at *7.  Absent exceptions irrelevant here, § 1225 mandates detention and affords no bond hearing.  *Id.* (citing 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A)).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country."  *Jennings*, 583 U.S. at 303; *see also Santillan Quiroz*, 2026 WL 1876709, at *6–7 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a).") (citing exceptions not relevant here).  Section 1226(a) authorizes the arrest and detention of noncitizens "on a warrant issued by

the Attorney General...pending a decision on whether [they are] to be removed." Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

### III.    Analysis

Section 1226(a) governs Petitioner's detention. She resided in the United States for years before her arrest and was arrested in Albany, New York—not at the border. Doc. 1 at 10. And because DHS has initiated removal proceedings against her, she is now awaiting a decision on whether she will be removed. *Id.* She therefore falls within the class of noncitizens "subject to § 1226(a)." because she "entered the United States and [was] thereafter detained in the interior." *Santillan Quiroz*, 2026 WL 1876709, at *6–7. The Government concedes as much in its Response, acknowledging that under the Tenth Circuit's ruling in *Santillan Quiroz*, Petitioner is entitled to a bond hearing. *See* Doc. 7 at 3. Accordingly, Petitioner's continued detention without a bond hearing violates the INA.

The Court next turns to the appropriate remedy. The Tenth Circuit in *Santillan Quiroz* ordered the government to, "within seven days of such order, either provide [the petitioner] with a bond hearing or else release [her]." 2026 WL 1876709, at *17 n.13. The Court adopts the same remedy here.

### IV.    Conclusion

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.

2. Within seven (7) business days of this Order, the Government shall provide Petitioner with a bond hearing or else release her.

3. Because the Court grants Petitioner full relief on statutory grounds, it does not reach her Fifth Amendment claim.  That claim is dismissed as moot.

4. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.